UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **KLARISSA GRAVES** | **CIVIL ACTION NO.: 13-3122** |
| **VERSUS** | **JUDGE ELIZABETH ERNY FOOTE** |
| **ACE AMERICAN INSURANCE COMPANY, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Now before the Court is a Motion for Summary Judgment on Third Party and Non-Party Liability [Record Document 27] filed by the Plaintiff, Klarissa Graves. Defendants are McDonagh Amusements, Sky Attractions, and Ace American Insurance Company. In Plaintiff's Complaint, she alleges that she sustained injuries when she was thrown from the Defendants' amusement ride, the "Fun Factory," at the Louisiana State Fair in Shreveport, Louisiana on November 10, 2012. Record Document 1-4, pp. 2–3. In Defendants' Answer they plead (1) "third party fault of persons for whom they are not responsible, including, but not limited to, plaintiff's companion, and KMG B.V., Inc. [the alleged manufacturer of the "Fun Factory]" and (2) "the comparative fault of plaintiff and third parties for whom they are not responsible, which fault acts as a diminution or bar to any recovery which might be had herein." Record Document 1-4, p. 22. In her Memorandum in Support of Motion for Summary Judgment, Plaintiff asks the Court to dismiss "all of Defendants' claims against all persons not currently made party to this litigation" under Federal Rule of Civil Procedure 56. Record Document 27-1, p.

11.

## I. Legal Standard

Under Federal Rule of Civil Procedure 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Plaintiff may demonstrate that she is entitled to summary judgment on a defense by "pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

"[A]fter adequate time for discovery and upon motion, [the Court may enter summary judgment] against a party who fails to make a showing sufficient to establish the existence" of a fact which the party will bear the burden of proof at trial. Id. If the motion is properly made, however, Rule 56(c) requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994), Wallace v.Texas Tech University, 80 F.3d 1042, 1047 (5th Cir. 1996), all factual controversies must be resolved in favor of the nonmovant. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

Plaintiff alleges that "there is no evidence and no testimony to suggest that any

third party, including Plaintiff's 'companion', KMG BV [sic], and any other third party, was at fault for Plaintiff's injuries." Record Document 27-1, p. 4. Defendants respond by attaching exhibits to their opposition to show that Plaintiff may have been under the influence at the time of the incident and allege that reasonable minds can conclude that Plaintiff's companion shares fault in the accident because of his failure to supervise the noticeably intoxicated Plaintiff. Record Documents 31, p. 3; 31-1.

## II. Analysis

### A. KMG B.V., Inc.

In Defendants' opposition to Plaintiff's Motion for Summary Judgment brought to dismiss Defendants' defenses based upon the hypothesized liability of KMG B.V., Inc., Defendants support their defenses with only the following:

> [T]he plaintiff argues that no fault may be assigned against KMG BV Inc. [sic] because there is no showing that the criteria of the Louisiana Products Liability Act are met. It must be pointed out that the plaintiff is who [sic] brought the claim against KMG BV Inc. [sic] in the present action. However, should this court find that the claims against KMG BV Inc. must be dismissed, this court should also conclude that the plaintiff has no claim under La. C.C. Art. 2317.1. The plaintiff cannot allege that there is no evidence sufficient to show a defect but then also argue that the defendants are liable as a custodian of an allegedly defective thing.

Record Document 31, pp. 3–4. Defendants do not present any evidence to support their defense referencing KMG B.V., Inc.

Plaintiff argues that "there is no evidence and no testimony to suggest that . . . KMG BV [sic] . . . was at fault for Plaintiff's injuries." Record Document 27-1, p. 4. Plaintiff's own claim against KMG B.V., Inc., was voluntarily dismissed on January 27,

2015. Record Document 19. Defendants' conclusion that Plaintiff cannot argue that Defendants have failed to present any support for their KMG B.V., Inc., defense while also claiming that Defendants are liable as a custodian of a defective thing is in error. A thing may not be defective upon manufacture, but become so later through ruin or vice. See La. C.C. Art. 2317.1. Though Defendants may not be manufacturers under the Louisiana Products Liability Act, La. R.S. 9:2800.51–60, they may still be liable if a thing under their control has an unreasonably dangerous condition. See La. C.C. Art. 2317.1.

Defendants do not present any argument in support of their defense against KMG B.V., Inc., and do not provide any evidence to support the defense. Accordingly, Defendants' defenses that KMG B.V., Inc., is at fault for Plaintiff's injury must be dismissed because Defendants have failed to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace, 80 F.3d at 1047 (citations omitted).

    B.    <u>Plaintiff's Companion and Other Third Parties</u>

In their answer, Defendants "plead the fault of persons for whom they are not responsible" and "plead the comparative fault of plaintiff and third parties for whom they are not responsible," identifying "plaintiff's [sic] companion" as one of those third parties. Record Document 1-4, p. 23. After Plaintiff moved for summary judgment on Defendant's defense regarding Plaintiff's companion and unnamed third parties, Defendants have presented some evidence to support their claim that Plaintiff may have been intoxicated upon entering the ride and that signage around the "Fun Factory"

warned against entry while intoxicated. Record Document 31. However, Defendants have not identified a duty that Plaintiff's companion breached in the instant case or identified another third party, other than KMG B.V., Inc., that could be liable.

To determine liability, "Louisiana courts perform a duty-risk analysis. . . ." Finch v. HRI Lodging, Inc., 49, 497, p. 7 (La. App. 2 Cir. 11/19/14); 152 So.3d 1039, 1043. That analysis requires proof of five elements: (1) the individual had a duty to conform his or her conduct to a specific standard of care; (2) the individual failed to conform his or her conduct that standard of care; (3) the individual's failure to conform was a cause-in-fact of the plaintiff's injuries; (4) the individual's failure to conform was a legal cause of the plaintiff's injuries; and (5) actual damages. Id. at 1043–44. "Because the existence of a duty is a question of law, it may be resolved on summary judgment." Lawrence v. Sanders, 49,966, p. 7 (La. App. 2 Cir. 6/24/15); 169 So.3d 790, 795. "The inquiry is whether the [proponent of liability] has any law—statutory, jurisprudential, or arising from general principles of fault—to support her claim." Id.

This Court cannot identify a duty owed by any third party to Plaintiff from the law and facts presented by Defendants. Accordingly, Defendants have failed to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace, 80 F.3d at 1047 (citations omitted). Because there is no genuine issue of material fact as to liability of these third parties, the Court finds that Plaintiff is entitled to summary judgment on Defendant's defenses as to unidentified third parties and as to Plaintiff's companion.

## III. Conclusion

Plaintiff's Motion for Summary Judgment [Record Document 27] is **GRANTED, DISMISSING WITH PREJUDICE** Defendants' defenses (1) as to KMG B.V., Inc., because Defendants have failed to present any evidence which would lead a reasonable person to conclude that some fault rested with KMG B.V., Inc., and (2) as to Plaintiff's companion and other unidentified third parties because Defendants have failed to identify a duty owed by any third party to Plaintiff in the present case.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 26th day of January, 2016.

Elizabeth Erny Foote
United States District Court Judge